UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY CENTER PAUMA UNIFIED SCHOOL DISTRICT,<br><br>                    Petitioner,<br>v.<br><br>INTERIOR BOARD OF INDIAN APPEALS OF THE UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>                    Respondent. | Civil No.11cv1260 AJB (BGS)<br><br>**ORDER DENYING MOTION FOR INTERVENTION**<br><br>[Doc. No. 5] |

On August 29, 2011, the San Pasqual Band of Diegueno Mission Indians (the "Tribe") filed a motion to intervene by permission as a party respondent, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. (Doc. No. 5.) Petitioner, Valley Center-Pauma Unified School District (the "District"), filed an opposition to the motion on September 13, 2011. (Doc. No. 9.) The Tribe filed a reply on September 19, 2011. (Doc. No. 10.) Having considered the briefing in its entirety, the Court concludes that the Tribe has failed to establish a claim that shares a common question of law or fact permitting it to intervene. For the reasons set forth below, the Court **DENIES** the motion.

### *Background*

The Tribe is a federally recognized Indian Tribe, whose reservation was established by Executive Order on January 31, 1870. (Doc. No. 5 at 3.) The Reservation consists of approximately 1,380 acres situated on three separate parcels of land, primarily steep and rolling hills. *Id.* The Tribe

acquired a 9.08-acre parcel ("Site") in San Diego County close to its current tribal government offices and other tribal land holdings to pursue economic development. *Id.* The Tribe proposed to operate a gas station and retail store on the site. *Id.* A fee-to-trust application was submitted to the Department of the Interior in September 2009. (Doc. No. 5 at 9.) The Tribe followed the required procedures to have the land taken into trust under 25 C.F.R. Part 151. (Doc. No. 5 at 7.) On January 4, 2011, the Pacific Regional Director of the Bureau of Indian Affairs approved the Tribe's application to have the 9-acre parcel taken into trust by the United States for the benefit of the Tribe. *Id.* A Notice of Decision ("Notice") to take the land into trust was issued and circulated to local agencies within San Diego County and throughout the State of California, including the California State Clearinghouse. (Doc. No. 5 at 7: 15-18.)

The Notice contained an explanation of an interested party's right to appeal within 30 days of the decision, along with instructions to submit the appeal to the Interior Board of Indian Appeals ("IBIA"). (Doc. No. 5 at 9.) Pursuant to the Notice, the deadline for appeal was February 2, 2011 with a time allowed for mailing. (Doc. No. 5 at 9: 24.)

District officials, acting in awareness of the Notice, met with the Tribe to discuss its concerns and to alert the Tribe of its intention to file an appeal. *Id.* The District publicly announced its intention to appeal the decision in the local newspaper, referencing the February 2, 2011 deadline. (Doc. No. 5 at 10: 23-26.)

The District submitted its appeal to the Pacific Regional Director of Indian Affairs in Sacramento, California. (Doc. No. 5 at 11: 6-7.) The legal issues in the appeal included (1) whether the District was properly given notice of the Environmental Assessments, (2) whether its objections were adequately considered, (3) whether the proposed project violated California law barring placement of fuel storage adjacent to schools, and (4) whether the Finding of No Significant Impact illegally proposed an alteration of the District's express real property rights. (Doc. No. 9 at 2: 1-10.) The IBIA received Petitioner's appeal on February 24, 2011. (Doc. No. 5 at 11: 4.) An Order to Show Cause requesting Petitioner demonstrate why its appeal should be considered timely was issued on March 9, 2011. (Doc. No. 5 at 11: 9.) The IBIA subsequently dismissed the appeal for lack of jurisdiction because the District had constructive notice of the deadline to submit the appeal. (Doc. No. 5 at 11: 10-14.) Petitioner filed

an appeal challenging the IBIA dismissal on June 8, 2011. (Doc. No. 5 at 11: 15.)  The Tribe moves to permissively intervene on behalf of the Respondent in defending the IBIA's dismissal.  (Doc. No. 5.)

### *Legal Standard*

Federal Rule of Civil Procedure 24(b)(1) provides that, "on timely motion, the court may permit anyone to intervene who (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  A party seeking permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1996) (quoting *Northwest Forest Resource Council v. Glickman,* 82 F.3d 825, 839 (9th Cir. 1996)).

Even if an applicant satisfies those threshold requirements, the court  has discretion to deny permissive intervention. *See Orange v. Air Cal*., 799 F.2d 535, 539 (9th Cir.1986) ("Permissive intervention is committed to the broad discretion of the district court."); *Spangler v. Pasadena City Board of Educ*., 552 F.2d 1326, 1329 (9th Cir.1977) (identifying nonexclusive discretionary factors that the district court may consider when deciding whether to grant permissive intervention).   Further, permission to intervene "may be denied if the intervenor raises collateral or extrinsic issues, even though the petition presents a common question of law or fact." *City of Rockford v. Secretary of Housing and Urban Development*, 69 F.R.D. 363 (N.D. Ill., 1975).

In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties' rights. *See* Fed.R.Civ.P. 24(b)(3) (so providing); *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir.1989) (citations omitted).

### *Discussion*

The Court recognizes the Tribe's interests in defending the IBIA's decision to dismiss the District's appeal for lack of jurisdiction.  While the outcome of that decision relates to the Tribe's legal rights, permissive intervention requires that the Tribe's claims or defenses share a common question of law or fact with the action. *Donnelly*, 159 F.3d at 412.  The question of law in this action is whether the IBIA properly dismissed the District's appeal.  The Tribe argues that it is an essential party because of its ownership interest in the land, the Tribe's status as the party most versed in the history of the Valley

View area, and the Tribe's interest in securing a timely resolution of this matter. However, this summary of the Tribe's "stake" in defending the dismissal does not share a common question of law or fact in relation to whether the IBIA exceeded its statutory authority. Because there is no common question of law or fact on which the Court may permit the Tribe to intervene, the Tribe has no standing to assert the rights of the IBIA. There are no common questions of law and fact between any claim or defense of the Tribe, and those in this action. The Tribe's having a "stake" in the outcome of this petition does not constitute permissible grounds for intervention.

Further, the Tribe concedes that the United States[1] will vigorously defend against Petitioner's claims. The United States may both adopt and assert the Tribe's arguments before the IBIA proceedings. *See South Dakota ex rel. Barnett v. Dept. of Interior,* 317 F.3d 783, 787 (8th Cir. 2003) (where the court considered whether the existing parties could adequately protect the putative intervenor's interest, such that intervention would be rendered necessary).

The Court recognizes the Supreme Court's preference for encouraging Indian tribes to "participat[e] in litigation critical to their welfare." *Arizona v. California,* U.S. 605, 615 (1983). Indian tribes have routinely been allowed to intervene in cases where a Petitioner challenges the decision to accept a parcel of land into trust. *Butte County v. Hogen,* 2008 WL 2410407 (D.D.C. June 16, 2008). However, the Court finds that the present case is distinguishable from the cases relied upon by the Tribe. *See, e.g.*, *Butte County v. Hogen,* 2008 WL 2410407 (D.D.C. June 16, 2008) (an action ensuring the adjudication of water rights); *Florida Dep't of Bus. Regulation v. U.S. Dep't of Interior*, 768 F.2d 1248, 1250 (11th Cir. 1985) (granting leave to intervene in an action to preserve Indian artifacts and the dignity of a burial site); *City of Sault Ste. Marie, Michigan v. Andrus*, 532 F.Sup. 157, 159-160 (D.D.C. 1980) (addressing the issue of whether the tribe had been Federally recognized). Here, by contrast, the Tribe proposes to utilize the land for a gas station and retail site next to a school, which does not rise to the requisite level of concern to warrant intervention.

//

//

//

---

[1] Presumably the IBIA on behalf of the United States.

1 *Conclusion*

2 For the reasons set forth above, the Tribe's motion to intervene is **DENIED**.

3 IT IS SO ORDERED.

4 DATED: March 27, 2012

5 _____
 Hon. Anthony J. Battaglia
6 U.S. District Judge